# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **CRAIG CUNNINGHAM,** <br> **Plaintiff,** <br><br> **v.** <br><br> **NATIONWIDE SECURITY SOLUTIONS, INC.; NORTEK SECURITY & CONTROL LLC; AND TECHFORCE NATIONAL, LLC,** <br><br> **Defendants** | § § § § § § § § § § § § **Civil Case No. _____** |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. The Plaintiff in this case is Craig Cunningham, a natural person, who was residing in Dallas County at all times relevant to this Complaint.

2. Defendant Nationwide Security Solutions may be served via its registered agent, Incorp Services, Inc., 17888 67th Court North Street, Loxahatchee FL 33470.

3. Defendant Nortek Security & Control, LLC may be served via its registered agent, Corporation Service Company which will do Business in California, As CSC – Lawyers Incorporating Service, 2711 Centerville Road, Wilmington, DE 19808.

4. Defendant Techforce National, LLC may be served via its registered agent, National Registered Agents, Inc. 1999 Bryan St., Suite 900 Dallas, TX 75201.

## JURISDICTION

5. Jurisdiction of this court arises as the acts arose in this district.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

PLAINTIFF'S ORIGINAL COMPLAINT - 1

7.       This Court has personal jurisdiction over Defendants because Defendant conducts significant amounts of business within this District.

8.       Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District.

## FACTUAL ALLEGATIONS

9.       In 2016, Plaintiff, Craig Cunningham received multiple unwanted and unwelcome calls from the Defendants and the Defendants' agents on his cellular telephone number 615-212-9191. The Defendants and the defendants' agents used an autodialer.  Defendants' agents also conveyed pre-recorded messages to the plaintiff's cellular phone. Defendants specifically referenced the pre-recorded message made by the defendant's agent(s).   No express consent was given to the Defendants or the Defendants' agents to allow them to contact the plaintiff.  While the Plaintiff is still in the process of identifying all phone calls, the Plaintiff has logged three calls that he received on 8/29 and 8/30 from 718-247-3058,  on 8/30,  9/2, 9/14, 10/7, 10/12, 10/14 twice, 10/20, 9/13, 9/27, 10/11, 10/13, 10/19, 10/21, 10/26, 10/27, 10/28, 11/1, 11/2, 11/5,  and 11/10 (twice) from 360-718-2213.

10.       Additionally, in 2016, Plaintiff received unwanted and unwelcome calls from the Defendants and Defendants' agents on his cellular telephone number 615-348-1977.  Again, Defendants and the Defendants' agent used an autodialer.  Defendant's agent also conveyed pre-recorded messages to the plaintiff's cellular phone. Defendants specifically referenced the pre-recorded message made by the Defendants' agent(s).   No express consent was given to the Defendants or the Defendants' agent to allow them to contact the plaintiff.  While the Plaintiff is still in the process of identifying all phone calls, the Plaintiff has logged calls that he received on 8/26 (twice), 8/27 (three times) and 8/30 from 718-247-3058.

PLAINTIFF'S ORIGINAL COMPLAINT - 2

11. Additionally, in 2016, Plaintiff received unwanted and unwelcome calls from the Defendants and Defendants' agents on his cellular telephone number 615-331-7262. Again, Defendant and the Defendant's agent used an autodialer. Defendants's agent also conveyed pre-recorded messages to the plaintiff's cellular phone. The Defendants specifically referenced the pre-recorded message made by the Defendants' agent(s). No express consent was given to the defendant or the defendants agent to allow them to contact the plaintiff. While the Plaintiff is still in the process of identifying all phone calls, the Plaintiff has logged calls that he received on 8/26 (three times), and 8/27 (twice) from 718-247-3058.

12. Additionally, in 2017, Plaintiff received unwanted and unwelcome calls from the Defendants and Defendants' agents on his cellular telephone number 615-331-7262. Again, Defendants and the Defendants' agents used an autodialer. Defendants' agent also conveyed pre-recorded messages to the plaintiff's cellular phone. Defendants specifically referenced the pre-recorded message made by the Defendants' agent(s). No express consent was given to the defendant or the defendants agent to allow them to contact the plaintiff. While the Plaintiff is still in the process of identifying all phone calls, the Plaintiff has logged calls that he received on 1/13 from 615-420-5322 and on 1/23 from 859-468-5322.

13. The calls started with a pre-recorded message after several seconds of dead air time.

14. When the calls connected to an agent, the Plaintiff was told that he was called by Defendant(s). In every call, the Plaintiff noticed a delay between answering the phone and the call connecting with a live person, which is characteristic of an automated telephone dialing system.

This is just one of many harassing calls the Plaintiff has received and as Defendants are just content to knowingly call what could be wrong numbers, the Plaintiff is therefore subjected to multiple harassing phone calls.

15. Defendants also used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227(b) and 47 USC 227(c)(5) as codified under 47 CFR 64.1200(b)

16. The calls violated 47 USC 227(b) as the calls were automated and placed to the Plaintiff's cell phone without the Plaintiff's consent and without an emergency purpose.

17. The calls violated 47 CFR 64.1200(b) as the artificial or pre-recorded message failed to state at the beginning of the message the identity of the business, individual, or entity that is responsible for initiating the call. In fact, no name was given for the entity placing the call and even the agents only stated who they were calling from after the Plaintiff asked repeatedly.

18. These calls were knowingly and willfully placed and the Defendants had or should have ascertained they were calling the wrong person.

## **ACTUAL DAMAGES**

19. Plaintiff has suffered actual injury as a result of Defendants' telephone calls, including, but not limited to:

• Reduced Device storage space;

• Data usage;

• Plan usage;

• Lost time tending to and responding to the unsolicited texts;

• Invasion of Privacy and loss of concentration

## CAUSE OF ACTION:

### Violations of the Telephone Consumer Protection Act (TCPA)

20. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

21. The foregoing actions by Defendants constitute multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's cell phone.

## PRAYER

WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants as follows:

A. Statutory damages of $500 for each phone call

B. $50,000 in actual damages

C. Pre-judgment interest from the date of the phone calls.

D. Punitive damages for all claims in the amount of $250,000

E. Attorney's fees for bringing this action as incurred; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

| **Dated:** February 2, 2017 | |
|---|---|
| | */s/ Aaron K. Mulvey*_____ <br><br> Aaron K. Mulvey <br> State Bar No. 24060309 <br> **The Law Offices of Aaron K. Mulvey, PLLC** <br> 518 N. Manus Dr. <br> Dallas, TX 75224 <br> Tel: 214-946-2222 <br> Aaron@MulveyLaw.com |