IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:17-CV-00337-M |
| NATIONWIDE SECURITY SOLUTIONS, INC., | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant's Motion to Dismiss for Insufficient Service of Process and Failure to State a Claim. (ECF No. 22). For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. Factual and Procedural Background

Plaintiff Craig Cunningham alleges that in 2016 and 2017, he received unsolicited phone calls from "Honeywell special promotions department" and "Home Protection Technologies" about purchasing a home security system. (Am. Compl. ¶¶ 8, 12, ECF No. 15). He contends that a typical call involved a pre-recorded message that started after a three-second pause:

> Hello, this is Julia with the Honeywell special promotions department. Your home was selected to receive a free wireless security system that gives you smart phone access and alerts remotely. We just ask you to help us advertise by placing a sign in your front yard. This system is valued over $100 in equipment and installation costs and is free if you agree to pay a small monthly monitoring fee, which covers you 24-7 for police, fire, carbon monoxide, and medical emergencies. If you have an existing system, you will qualify for a free upgrade and rate reduction. Press 1 if you are interested in hearing options.

(*Id.* ¶ 8). Plaintiff suspected that the "individual on the phone . . . was clearly lying about who they were and what . . . products and services they were selling." (*Id.* ¶ 23). In order to identify

1

the caller, Plaintiff agreed for the caller to install a security system at his home. (*Id.*) Based on subsequent interactions, Plaintiff determined that Defendant Nationwide Security Solutions, Inc. ("Nationwide") was responsible for these calls. (*Id.* ¶ 23-24, 28).

Plaintiff filed this action, asserting violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (*See* Compl., ECF No. 1). Plaintiff claims that Defendant thereafter obtained Plaintiff's credit report without consent. (Am. Compl. ¶ 31-32). Plaintiff then amended his complaint to include two additional claims: violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and common law invasion of privacy. (*Id.* ¶¶ 41-48). Defendant moved to dismiss the claims pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

## II. Legal Standard

### a. Rule 12(b)(5)

Under Federal Rule of Civil Procedure 4(c), plaintiffs have the burden to properly serve defendants with process. A motion to dismiss under Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff." *L.K. ex rel. Yarborough v. Mazda Motor Corp.*, 2009 WL 1033334, at *1 (N.D. Tex. Apr. 15, 2009). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

District courts have broad discretion in deciding whether to dismiss an action for ineffective service of process. *See George v. United States Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986). Where a court finds "service is insufficient but curable, it generally should quash the service and then give the plaintiff an opportunity to re-serve the defendant." *Mazda Motor Corp.*, 2009 WL 1033334, at *1 (quoting

*Rhodes v. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 750 (W.D. La. 2000)). Dismissal with prejudice is only warranted where "there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant." *Cockerham v. Rose*, 2011 WL 1515159, at *2 (N.D. Tex. Apr. 18, 2011) (quoting *Bowman v. Sanofi–Aventis*, 2009 WL 5083431, at *2 (W.D. Tex. Apr. 16, 2009)).

    b. **Rule 12(b)(6)**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Twombly,* 550 U.S. at 570. The court must accept all of the plaintiff's factual allegations as true, but it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 555. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

**III.**   **Analysis**

    a. **Motion to Dismiss Under Rule 12(b)(5)**

Because Defendant Nationwide is a corporation, service of process is governed by Federal Rule of Civil Procedure 4(h). Rule 4(h) provides that a plaintiff may effectuate service of process upon a corporation by: (1) following the methods provided by the law of the state in which the district court is located or the state in which service is made, or (2) delivering a copy

of the summons and complaint to an officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(h). Here, Plaintiff belatedly served Jason Cane, the CEO of Nationwide, and the return for that service was filed on October 23, 2017. (ECF No. 41). Accordingly, Plaintiff properly served Defendant in compliance with Rule 4(h).

### b. Motion to Dismiss Under Rule 12(b)(6)

#### i. Violations under Sections 227(b) of the TCPA

Section 227(b) of the TCPA makes it unlawful for any person:

> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). "The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [or an artificial or prerecorded voice]; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

Defendant argues that Plaintiff has failed to sufficiently plead all three elements. First, Defendant argues that it cannot be held liable because it never actually called Plaintiff's phone. (Def. Br. at 4-5). However, Plaintiff alleges that he received unsolicited calls from third parties ("Honeywell special promotions department" and "Home Protection Technologies") at the direction of and on behalf of Defendant and that Defendant is therefore vicariously liable. (Am. Compl. ¶¶ 23-24, 37-40). Neither the Supreme Court nor the Fifth Circuit has addressed whether a defendant can be held vicariously liable under the TCPA. However, as the Supreme Court has recognized, "[w]hen Congress creates a tort action, it legislates against a legal background of

ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules." *Meyer v. Holley*, 537 U.S. 280, 290 (2003). "Absent a clear expression of Congressional intent to apply another standard, the Court must presume that Congress intended to apply the traditional standards of vicarious liability." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877 (9th Cir. 2014). Because nothing in the language of Section 227(b) itself indicates that common law vicarious liability has been abrogated, many courts have held that an entity may be vicariously liable under the TCPA.[1] *See, e.g.*, *Thomas v. Taco Bell Corp.*, 582 F. App'x. 678, 679 (9th Cir. 2014) ("[T]he district judge properly concluded vicarious liability can provide the basis for liability for a TCPA violation."). The Court agrees with this reasoning. Plaintiff sufficiently alleges that Defendant, via third parties allegedly representing it, called his cellphone.

Second, Defendant argues that Plaintiff failed to sufficiently allege the use of an automatic telephone dialing system ("ATDS"). (*See* Def. Br. at 5). The TCPA defines ATDS as equipment with the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator" and to dial such numbers. 47 U.S.C. § 227(a). Simply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim. *See Cunningham v. TechStorm, LLC*, 2017 WL 721079, at *3 (N.D. Tex. Feb. 23, 2017). However, "courts have

---

[1] In reaching this conclusion, courts have also noted that to hold otherwise would undermine the purpose of the TCPA. *See, e.g.*, *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748, at *1 (N.D. Ill. Dec. 31, 2012) ("To offer an example, suppose that A, a well-heeled entity that wants to sell a product or service, stands next to B, an impecunious defendant, and directs B to place unsolicited, prerecorded calls to consumers on their cell phones. Defendants' position, it appears, is that only B, the impecunious dialer, would be liable and that A would get off scot-free. A Congressional enactment that permitted this would be absurd indeed. Fortunately that is not the law under the TCPA."). Some courts have also relied on a declaratory ruling issued by the Federal Communications Commission. *See In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6590 n.4 (2013) ("TCPA contemplates that a seller may be vicariously liable under agency principles for violations of section 227(b) notwithstanding the absence of 'on behalf of' liability available for do-not-call violations under section 227(c).").

noted the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery and found that courts can rely on details about the call to infer the use of an ATDS." *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129–30 (W.D. Wash. 2012). To that end, this Court previously held that "description of the calls as including dead-air time is sufficient to establish use of an [ATDS]." *See TechStorm*, 2017 WL 721079, at *3.

Plaintiff here alleges that Defendant used an ATDS in placing multiple calls, specifically highlighting the dead-air time. (Am. Compl. ¶ 8). He bolsters these allegations by describing when the calls were received and by transcribing the automated message. (*Id.* ¶ 8, 12, 15, 17, 23). This is more than sufficient. *See also Jones v. FMA All. Ltd.*, 978 F. Supp. 2d 84, 86–87 (D. Mass. 2013) ("[W]ell-pled allegations of an ATDS rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used."). In any case, Plaintiff also alleges that Defendant used a prerecorded voice after initiating the calls, which is an independent basis for liability under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(iii) ("to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice").

Finally, Defendant argues that Plaintiff established a business relationship[2] with Defendant, thereby providing consent to the calls. (Def. Br. at 6). Allegedly to ascertain the identity of the caller, Plaintiff did agree in a call received on August 30, 2016, to purchase Defendant's alarm system. (Am. Compl. ¶ 23). Even if this constitutes consent, Defendant ignores the numerous other calls that Plaintiff allegedly received without consent prior to the

---

[2] Defendant also seems to argue that TCPA's "established business relationship" exception is applicable. That exception is only applicable to unsolicited advertisements sent to fax machines, not cellphones as is alleged here. *See* 47 U.S.C. § 227(b)(1)(C).

6

August 30, 2016, call, (s*ee id.* ¶ 17), as well as the calls received after Plaintiff declined to use Defendant's services, (*see id.* ¶ 28).

Plaintiff sufficiently pleads that Defendant called his cellular telephone number, using an automatic telephone dialing system and a prerecorded voice, without Plaintiff's prior express consent.  Accordingly, Plaintiff states a claim for violations under Sections 227(b) of the TCPA.

### ii.  Violations under Sections 227(c)(5) of the TCPA

Section 227(c)(1) authorizes the Federal Communications Commission ("FCC") to promulgate regulations on telephone solicitations.  *See* 47 U.S.C. § 227(c)(1) ("[T]he Commission shall initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.").  Based on this authorization, "the FCC issued regulations prohibiting 'person[s] or entit[ies] [from] initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless [the] person or entity has instituted [certain listed] procedures for maintaining' a do-not-call list." *Charvat v. NMP, LLC*, 656 F.3d 440, 443–44 (6th Cir. 2011) (quoting 47 C.F.R. § 64.1200(d)).  Relevant here, the regulations require the telemarketer to provide "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted;" to maintain a do-not-call list; and to honor a person's request not to be called.  *See* 47 C.F.R. § 64.1200(d).

Plaintiff alleges that Defendant neither provided the required identification information on its calls, despite repeated requests, nor maintained a do-not-call list.  (Am. Compl. ¶ 33, 35).  This is sufficient to allege that Defendant violated Section 64.1200(d).  *See also Wagner v. CLC*

7

*Resorts & Developments, Inc.*, 32 F. Supp. 3d 1193, 1198 (M.D. Fla. 2014) (finding similar allegations sufficient).

Defendant argues that Plaintiff does not have a private right of action to sue under this regulation. (Def. Br. at 6-7). In support, Defendant cites to cases holding that Section 64.1200(b)—not Section 64.1200(d), as asserted by Plaintiff—does not provide a private right of action. *See, e.g.*, *Jenkins v. Allied Interstate, Inc.*, 2009 WL 3157399, at *3 (W.D.N.C. Sept. 28, 2009). Defendant's argument is without merit. 47 U.S.C. § 227(c)(5) provides a private right of action to those who have received "more than one telephone call within any 12–month period by or on behalf of the same entity in violation of the regulations prescribed" under Section 227(c)(1). 47 C.F.R. § 64.1200(d) is a regulation prescribed under 47 U.S.C. § 227(c)(1). *See Charvat*, 656 F.3d at 443-44. Accordingly, Plaintiff has a private right of action to sue for violations of this regulation.

### iii. Violation of the FCRA

To assert a violation of the FCRA, a plaintiff must allege (1) that there was a "consumer report,"[3] (2) that defendant used or obtained the report (3) without a permissible purpose, and (4) that defendant acted negligently or willfully. *See Norman v. Lyons*, 2013 WL 655058, at *2 (N.D. Tex. Feb. 22, 2013) (citing 15 U.S.C. § 1681b(a)); *see also* 15 U.S.C. §§ 1681n, 1681o. Defendant contests the sufficiency of allegations regarding the third element: the lack of permissible purpose. (Def. Br. at 8). On this point, Plaintiff alleges that "[a]t no time had the plaintiff given consent for Nationwide Security to obtain Plaintiff's credit report, nor did

---

[3] A credit report is a type of consumer report. *See Crain v. Credit Prot. Ass'n.*, 2010 WL 2976130, at *2 (N.D. Tex. June 30, 2010), *report and recommendation adopted*, 2010 WL 2976120 (N.D. Tex. July 28, 2010).

8

[N]ationwide have any permissible purpose to obtain the Plaintiff's credit report." (Am. Compl. ¶ 31).

Plaintiff has not sufficiently alleged that Defendant lacked a permissible purpose. "Although plaintiff may subjectively believe that defendant obtained his credit report for some impermissible purpose, 'he must support that belief with some factual allegations.'" *Betz v. Jefferson Capital Sys., LLC*, 68 F. Supp. 3d 130, 133 (D.D.C. 2014) (quoting *Jacques v. Solomon & Solomon P.C.*, 886 F.Supp.2d 429, 435 (D. Del. 2012)). Courts have rejected allegations, similar to Plaintiff's, merely concluding that a defendant did not have a permissible purpose. *See Thomas v. Fin. Recovery Servs.*, 2013 WL 387968, at *4 (C.D. Cal. Jan. 31, 2013) ("[B]are allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient."); *Crain v. Credit Prot. Ass'n*, 2010 WL 2976130, at *3; *Gonzalez v. Midland Funding, LLC*, 2013 WL 1291802, at *6 (N.D. Tex. Mar. 29, 2013); *Davis v. Schwab*, 2013 WL 704332, at *3 (N.D. Tex. Feb. 26, 2013). Accordingly, Plaintiff fails to state a claim for a violation of the FCRA.

In his response, Plaintiff attaches a new exhibit which suggests that Defendant accessed Plaintiff's credit report without providing an explanation as to why it did so. (Pl. Resp. at 15). Although such details are sufficient to establish the lack of permissible purpose, s*ee Smith v. Safeco Insurance*, 2013 WL 5609323, *1 (N.D. Ill., Oct. 11, 2013), they are not contained within the Amended Complaint. If the Court is presented with matters outside the pleadings in deciding a 12(b)(6) motion and does not exclude them, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). "Otherwise, a court must limit itself to the contents of the pleadings, including attachments thereto." *Tornado BUS Co. v. BUS & Coach Am. Corp.*, 2015 WL 11120584, at *1 (N.D. Tex. Dec. 15, 2015) (internal quotation marks omitted). Because the

Court did not give notice that it would consider facts outside of the pleadings, the Court disregards those factual allegations made by Plaintiff in his Response, to the extent that they are not in the Amended Complaint.

### iv. Invasion of Privacy

The elements of invasion of privacy by intrusion are: "(1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Texas Comptroller of Pub. Accounts v. Attorney Gen. of Texas*, 354 S.W.3d 336, 364 (Tex. 2010) (quoting *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993)). "Highly offensive" means that the intrusion "must be unreasonable, unjustified, or unwarranted." *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 816 (S.D. Tex. 2014).

Without further explanation or citations to legal authority, Defendant concludes that Plaintiff has failed "to allege that review of Plaintiff's credit report is not reasonable." (Def. Br. at 8). The Court disagrees. Plaintiff sufficiently alleges a claim for invasion of privacy on two bases. First, Plaintiff describes how Defendant repeatedly called him on his personal cellphone despite his requests for Defendant to stop. (Am. Compl.¶ 8, 14-17). Repeatedly calling a person without consent is an actionable intrusion. *See Tompkins v. Cyr*, 995 F. Supp. 664, 684 (N.D. Tex. 1998); *Futerfas v. Park Towers*, 707 S.W.2d 149, 157 (Tex. App. 1986); *see also Nutmeg Ins. Co. v. Employers Ins. Co. of Wausau*, 2006 WL 453235, at *7 (N.D. Tex. Feb. 24, 2006) ("The TCPA deems all unsolicited advertising to be an offensive intrusion into the recipient's privacy."); Restatement (Second) of Torts § 652B cmt. B (Am. Kaw Inst. 1977). Plaintiff also highlights the frequency of Defendant's calls. (Am. Compl. ¶ 15). Taken together, these

allegations support that Defendant "unreasonabl[y] intrud[ed] upon the seclusion and private affairs of the Plaintiff." (*Id.* ¶ 32).

Second, Plaintiff alleges that Defendant obtained and reviewed his credit report without consent. (Am. Compl. ¶¶ 31-32). Viewing information, in which a person has "manifested an expectation of privacy," without consent, is an actionable intrusion. *See Fawcett v. Grosu*, 498 S.W.3d 650, 664 (Tex. App. 2016) (holding that allegations of a police officer running an unauthorized criminal background check was sufficient to establish a prima facie case of invasion of privacy). *See also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) ("Congress enacted FCRA in 1970 to . . . protect consumer privacy."); *Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 874 (W.D. Tex. 2016) ("[I]nvasion of privacy injury [under FCRA] is similar to the harm forming the basis of an intrusion upon seclusion claim."). Plaintiff particularly emphasizes how he never consented to the Defendant obtaining his credit report and that Defendant did not otherwise have any permissible purpose. (Am. Compl. ¶ 31). Again, taken together, these allegations support the claim that Defendant "unreasonabl[y] intrud[ed] upon the seclusion and private affairs of the Plaintiff." (*Id.* ¶ 32).

## IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff satisfied Rule 4 by serving Defendant's CEO, Jason Cane. Plaintiff has sufficiently alleged claims for violations of the TCPA and for common law invasion of privacy. Because Plaintiff failed to sufficiently allege that Defendant lacked a permissible purpose, his FCRA claim is **DISMISSED WITHOUT PREJUDICE**. Plaintiff has leave to file an amended complaint within three weeks of this Order, correcting only that pleading deficiency.

**SO ORDERED.**

November 2, 2017.

_____
**BARBARA M. G. LYNN
CHIEF JUDGE**